BY THE COURT.
The first objection mistakes the facts shown ■on the record. The law authorizes the officer levying the execution to swear the valuers; (29 O. L. 103.) The sheriff in fact swore them while in office, but not making his return until his official term closed, he signed the certificate, late sheriff. From this alone it is sought to be inferred, that he administered the oath after he went out of office. We think it appears otherwise.
The second error is a question with the officer.. He has returned, in effect, that the money was paid to the plaintiff in the judgment. ’The defendant, the debtor, having obtained credit for the proceeds of the sale, cannot be admitted to object that his creditor did not realize it. The creditor must take care of himself. The receipt for the money has the same legal effect as if the money had been paid to the sheriff, and by him to the plaintiff, and by the plaintiff to the purchaser to pay the debt due him. Why pass the money round, when the receipt answered every purpose ?
The third objection to these proceedings is the one upon which the main reliance is placed. The statute (29 O. L. 104) requires the court to examine the proceedings of the sheriff touching the sale of lands, and if found to conform to the statute, to enter it of record, and order a deed to the purchaser. The law is imperative upon the court, leaving it no discretion as to making the order, if the proceedings conform to its provisions. If this were not so, however, -the plaintiff in error would not be benefited. The 22d section of the judgment and execution law (29 O. L. 107) provides that in case a judgment, on which lands have been sold, shall thereafter bo *536 reversed, such reversal shall not affect the title of the purchaser, but restitution shall be made of the money for which the land sold, with interest from the day of sale. If the sheriff’s proceedings are regular, the purchaser of him acquires a right at the sale though the evidence of his title may not he given to him until subsequently. This right cannot be taken from lnm by any after act of the parties to the suit, over which the purchaser has no control. The clause of the law, fixing the date when interest commences in case the> money is restored, shows clearly when the right accrued in the estimation of the legislature. It dates from the actual sale, and not the time the court find it regular, as the plaintiff in error supposes.. The hardship complained of, which divests the plaintiff in error of his plantation, under an erroneous judgment, is not perceptible, if it 522] *were proper for us to examine into and pass upon that allegation. The statute secures to a party suing out a writ of error, the right to a supercedeas of the judgment sought to be reversed, if he will give security in the clerk’s office; but expressly declares the writ of error shall not operate as a supercedeas, unless such security be given: (29 O. L. 77.) The plaintiff in error was chargeable with a knowledge of this law, hut chose, instead of following-.its provisions, to pursue his rights through another channel. It does not become him now to complain of the hardship which has resulted from his own choice. He must abide the consequences, .which legitimately flow from the course he chose to pursue, and should have philosophy- enough not to murmur at them.
The orders are affirmed, with costs.